**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-60273-ALTMAN/AUGUSTIN-BIRCH**
**15 U.S.C. § 645(a)**

**UNITED STATES OF AMERICA**

**vs.**

**JHIMMY VINCENT,**

**Defendant.**
_______________________________/

**INFORMATION**

The United States Attorney charges that:

**GENERAL ALLEGATIONS**

At various times material to this Information:

1. The United States Small Business Administration ("SBA") was an agency of the executive branch of the Government of the United States. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of small business owners who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of

forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

3. In order to obtain a PPP loan, a qualifying business submitted a Paycheck Protection Program Borrower Application Form (SBA Form 2483), which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the business was required to provide, among other things, its average monthly payroll and number of employees. This application and the supporting documentation submitted therewith were used to calculate the amount of the PPP loan the applicant was entitled to receive.

4. Starting on or about March 4, 2021, the PPP also allowed a qualifying business that had obtained a PPP loan and experienced a required revenue reduction in 2020 to obtain a second draw PPP loan in 2021. Qualifying businesses could apply for this second draw loan by using the Paycheck Protection Program Second Draw Borrower Application Form (SBA Form 2483-SD) that required them to provide, among other things, their average monthly payroll and their number of employees. This second draw application and the supporting documentation submitted therewith were used to calculate the amount of the second draw PPP loan the applicant was entitled to receive.

5. A PPP loan application was processed by an SBA-approved lender or by a loan processor that would accept applications on behalf of SBA-approved PPP lenders. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount

of the loan, the average monthly payroll, and the listed number of employees, was transmitted by the processor and the lender to the SBA in the course of processing the PPP loan application and prior to the loan being funded by the lender.

6. Defendant **JHIMMY VINCENT** was a resident of Broward County, Florida.

7. Jhmia Group, Corp. ("Jhmia Group") was a Florida Profit Corporation incorporated by **JHIMMY VINCENT.** At all relevant times, **VINCENT** was its sole Manager and President.

8. Lender 1 was an SBA-approved lender and loan processor that worked with an SBA-approved partner bank to process and fund PPP loans. **JHIMMY VINCENT** applied for and received a first PPP loan in the name of Jhmia Group from Lender 1.

9. Lender 2 was an SBA-approved lender for PPP loans. **JHIMMY VINCENT** applied for and received a second draw PPP loan in the name of Jhmia Group from Lender 2.

**False Statement to the SBA**
**(15 U.S.C. § 645(a))**

10. On or about May 4, 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**JHIMMY VINCENT,**

did knowingly make and cause to be made a false statement to the Small Business Administration for the purpose of obtaining money and influencing in any way the Small Business Administration, that is, an SBA Paycheck Protection Program Borrower Application Form in the name of Jhmia Group submitted to Lender 1, which false statement included, among other things, that the average

monthly payroll of Jhmia Group was $28,600 and that it had 12 employees, in violation of Title 15, United States Code, Section 645(a).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

EDWARD N. STAMM
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA** **CASE NO.:** 26-CR-60273-ALTMAN/AUGUSTIN-BIRCH

**v.**

**JHIMMY VINCENT,**

**Defendant.** /

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ______
Number of New Defendants ______
Total number of new counts ______

**Court Division** (select one)
☐ Miami ☐ Key West ☐ FTP
☑ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: ______
4. This case will take 0 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
|---|---|---|
| I | ☑ 0 to 5 days | ☐ Petty |
| II | ☐ 6 to 10 days | ☐ Minor |
| III | ☐ 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ 21 to 60 days | ☑ Felony |
| V | ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ______ Case No. ______
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge ______ Magistrate Case No. ______
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ______ Case No. ______
9. Defendant(s) in federal custody as of ______
10. Defendant(s) in state custody as of ______
11. Rule 20 from the ______ District of ______
12. Is this a potential death penalty case? (Yes or No) No
13. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
14. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 31, 2026? No

By: ______
Edward N. Stamm
Assistant United States Attorney
Florida Bar No. 373826

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** JHIMMY VINCENT

**Case No:** ______________________

Count #:1

False statement to SBA

15 U.S.C. § 645(a)
*** Max. Term of Imprisonment: 2 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 1 year**
*** Max. Fine: $250,000 & $100 special assessment**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.
JHIMMY VINCENT,
*Defendant*

Case No. 26-CR-60273-ALTMAN/AUGUSTIN-BIRCH

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: ____________________

____________________
*Defendant's signature*

____________________
*Signature of defendant's attorney*

Marc David Seitles, Esq.
*Printed name of defendant's attorney*

____________________
*Judge's signature*

____________________
*Judge's printed name and title*